UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **CLEVELAND WINSTON KILGORE, JR.** : | | **DOCKET NO. 16-cv-1324** |
| B.O.P. # 09441-007 | | |
| **VERSUS** | : | **JUDGE TRIMBLE** |
| **USA ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by petitioner Cleveland Winston Kilgore ("Kilgore"), an inmate in the custody of the Federal Bureau of Prisons. At the time of filing, he was incarcerated at the Federal Correctional Institution in Oakdale, Louisiana. He now resides in a residential re-entry center in Baltimore, Maryland.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

### I.
#### BACKGROUND

Kilgore was convicted in the District of Maryland on September 28, 2006, by a jury on counts of bank fraud, aggravated identity theft, and aiding and abetting for those offenses. *United States v. Kilgore*, 2007 WL 4022840, *1 (4th Cir. Nov. 15, 2007). He was sentenced by that court to 149 months of imprisonment, and the United States Court of Appeals for the Fourth Circuit affirmed his conviction on direct appeal. *Id.* at *1–*2.

Kilgore filed the instant *habeas* petition challenging his confinement. He claims that his "body is currently held through a Writ of Attachment" and "fraudulently used as chattel property and, [*sic*] illegally detained in custody." Doc. 4, pp. 1, 5. As such, he seeks "an immediate Writ of Replevin," apparently for the repossession of his body. *Id.* at 1. Kilgore claims that he is being detained in violation of his constitutional rights arising under the Fifth, Tenth, and Fourteenth Amendments. *Id.* at 6–7; doc. 7, att. 1, p. 1. He contends that he is a Moorish ambassador, and that his detention violates the Moroccan American Treaty of Friendship, signed in 1786, and another treaty ratified in 1777. Doc. 7, att. 1, p. 1. As relief, Kilgore seeks immediate release from custody. Doc. 4, p. 12.

## II.
### LAW AND ANALYSIS

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. *See Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A motion to vacate sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). In the present case, Kilgore's claims clearly relate to alleged errors that occurred before or during sentencing and not to the manner in which his sentence is being executed. Therefore, his claim should be advanced in a § 2255 motion to vacate.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also

appears that the remedy is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and that (2) his claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904. The petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Id.*

Kilgore's allegations are insufficient to invoke the savings clause. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense, nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in a motion to vacate. He fails to show that his § 2255 remedies are ineffective and inadequate under the Savings Clause. Therefore the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
#### WARNING OF SANCTIONS

Kilgore has filed at least six prior petitions for *habeas* relief pursuant to 28 U.S.C. § 2241. *See Kilgore v. Warden*, No. 5:09-cv-333 (M.D. Fla.); *Kilgore v. Warden*, No. 5:09-cv-362 (M.D. Fla.); *Kilgore v. Martin*, No. 5:13-cv-43 (S.D. Miss.); *Kilgore v. Martin*, No. 5:13-cv-77 (S.D. Miss.); *Kilgore v. Fisher*, No. 5:13-cv-227 (S.D. Miss.); and *Kilgore v. Lynch*, No. 2:15-cv-2063

(W.D. La.). In three of the matters, *Kilgore v. Martin*, No. 5:13-cv-77 (S.D. Miss.); *Kilgore v. Fisher*, No. 5:13-cv-227 (S.D. Miss.); and *Kilgore v. Lynch*, No. 2:15-cv-2063 (W.D. La.), he advanced the same basic arguments that he raises in the present matter.[1] Based on these previous filings, we find that the instant petition is an abuse of writ and also subject to dismissal on that basis. *United States v. Tubwell*, 37 F.3d 175, 177–78 (5th Cir. 1994). Kilgore should therefore be placed on notice that sanctions, including restrictions on the ability to file future lawsuits without leave of court and monetary penalties, will be imposed if he files another § 2241 petition in this court challenging his conviction based on similar grounds previously raised in this court and other federal courts.

## IV.
### CONCLUSION

Based on the foregoing,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims and the petition constitutes an abuse of writ. Kilgore should also be warned as outlined above of further consequences for his abuse of writ in this court.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response thereto.

---

[1] In *Kilgore v. Martin,* No. 5:13-cv-77 (S.D. Miss.) [doc. 9, p. 4] and *Kilgore v. Fisher*, No. 5:13-cv-227 (S.D. Miss.) [doc. 8, p. 4], he was warned that "any future attempts of a similar nature may result in this Court dismissing his petition filed pursuant to 28 U.S.C. § 2241 as an abuse of the writ process."

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Federal Rule of Civil Procedure 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n*, **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 6th day of June, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE